NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIOS STAMOS<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF NEW JERSEY, et al.<br><br>            Defendants. | Civil Action No.: 09-5828 (PGS)<br><br>**OPINION** |

SHERIDAN, U.S.D.J.

This is a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983. Antonios Stamos ("Plaintiff") seeks injunctive and declaratory relief against the State of New Jersey, the Bergen County Prosecutor's Office, and Bergen County Prosecutor John L. Molinelli (collectively, "Defendants") because he was allegedly twice convicted of the same traffic offense in violation of the Fifth Amendment of the U.S. Constitution.[1] Currently before the Court is Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. §1915. For the following reasons, Plaintiff's application is denied, and the complaint is dismissed.

---

[1] Plaintiff's complaint improperly pleads the Bergen County Prosecutor's Office as the Office of the County Prosecutor. The complaint also names the County of Bergen. However, as set forth below, all of the Bergen County defendants are simply "arms of the state" in this case, not distinct from the defendant State of New Jersey. *Boyd v. Bergen County Jail*, Civil No. 07-769 (FSH). 2007 WL 1695736, at *2 (D.N.J. June 7, 2007).

I.      BACKGROUND

On January 27, 1996, Plaintiff was pulled over on East Clinton Avenue in Tenafly, New Jersey for improper passing in violation of N.J.S.A. 39:4-85. (Compl. Ex. 1.) On March 5, 1996, Plaintiff appeared pro se in Tenafly Municipal Court and pled guilty. As a result of his plea, Plaintiff was sentenced to pay a $55.00 fine and $30.00 in court costs. (*Id.* Ex. 2.) However, despite at least seven notices from the Municipal Court, Plaintiff allegedly failed to pay the fine or court costs. (*Id.*)

On February 22, 2000, the Municipal Court issued a warrant for Plaintiff's arrest. In response to the warrant, on June 6, 2007 -- more than eleven years after pleading guilty and seven years after the warrant was issued -- Plaintiff appeared before the Municipal Court and moved pro se to retract his guilty plea. (*Id.*) The Municipal Court granted his motion and ordered a trial, which included testimony from Plaintiff and the police officer who issued the traffic ticket. (*Id.*) On August 15, 2007, Plaintiff was found guilty of improper passing and was sentenced to pay a $150.00 fine and $33.00 in court costs. (*Id.*)

Plaintiff appealed de novo to the Law Division of the Superior Court of New Jersey, which found him guilty on April 15, 2008 and imposed the same sentence as the Municipal Court. (*Id.*)[2] The Law Division reviewed the record below and considered the submissions of the parties. (*Id.*) In his submission, Plaintiff argued that he was subjected to double jeopardy in violation of the Fifth Amendment because had already allegedly paid the fine. (*Id.*) The Law Division, however, rejected Plaintiff's double jeopardy argument. (*Id.*) The Law Division assumed that since Plaintiff received at least seven notices of nonpayment from the Municipal Court he never paid the original fine.

---

[2] This is not the first time Plaintiff has appealed a traffic offense conviction in the Municipal Court. In *State v. Stamos*, 2009 WL 259364 (App Div. Feb. 5, 2009), Plaintiff successfully appealed his conviction for illegal an u-turn and contempt of court.

On November 18, 2000, Plaintiff paid $85.00 (the amount he was sentenced to pay under his retracted plea agreement) not $183.00, the amount he was sentenced to pay after his August 15, 2007 trial. (*Id.* Ex. 3.) As a result, according to Municipal Court records, Plaintiff presently has an outstanding balance of $98.00. (*Id.*)

After paying a partial fee, Plaintiff appealed again as of right to the Appellate Division of the Superior Court of New Jersey, which affirmed on April 6, 2009. *State v. Stamos*, 2009 WL 901762 (App. Div. April 6, 2009). The Appellate Division affirmed without issuing a full length opinion, but it did address and reject Plaintiff's double jeopardy argument. The Appellate Division noted that "double jeopardy is not implicated where, as in this case, 'defendant himself sought the relief of [withdrawal of his guilty plea] and was accordingly returned to his original position.'" *Id.* at *1 (quoting *State v. Naji*, 205 N.J. Super. 208, 216 (App. Div. 1985) (alternations in original).

Following affirmance of his conviction in the Appellate Division, Plaintiff filed a petition for certification to the Supreme Court of New Jersey. (Compl. Ex. 2.) On June 19, 2009, the Supreme Court of New Jersey denied Plaintiff's petition for certification. The Supreme Court of New Jersey also subsequently denied Plaintiff's motion for reconsideration of his petition for certification on July 10, 2009. *State v. Stamos*, 199 N.J. 543 (2009). Finally, on August 27, 2009, Plaintiff filed a petition for a writ for certiorari, which was denied on October 20, 2009. *State v. Stamos*, 130 S. Ct. 485 (2009).

Having exhausted his appellate rights, on November 16, 2009, Plaintiff filed the present action seeking injunctive and declaratory relief for Defendants' alleged double jeopardy violations. (Compl. ¶ 13.) Specifically, Plaintiff demands the following: a finding that his double jeopardy rights were violated; a permanent injunction against defendants from enforcing his 2007 judgment

of conviction and reinstating his 1996 "judgment;" and an order "recalling and invalidating" any arrest warrants for Plaintiff currently pending in Tenafly.  (*Id.*)  Plaintiff also filed a application to proceed without prepayment of fees pursuant to 28 U.S.C. §1915.

## II. STANDARD OF REVIEW

Because Plaintiff seeks prepayment of fees pursuant to 28 U.S.C. §1915, before a responsive pleading is filed, the Court must consider whether it has jurisdiction over the case and whether Plaintiff states a claim for which relief can be granted.  Pursuant to 28 U.S.C. §1915(e)(2), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  If a complaint is frivolous or fails to state a claim on which relief may be granted, dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   If a plaintiff seeks monetary relief from defendants immune from suit, dismissal is appropriate under Rule 12(b)(1).  *See Slinger v. New Jersey*, Civil Action No. 07-CV-5561 (DMC), 2008 WL 4126181, at *3 (D.N.J. Sept. 4, 2008).[3]

Pursuant to Rule 12(b)(6), the Court is required to accept as true all allegations in the complaint and to view the facts in a light most favorable to the non-moving party.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994).  A complaint

---

[3] "While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner in forma pauperis cases." *Jayne v. Pike County Correctional Facility*, Civil No. 3:CV-07-1113, 2009 WL 4906520, at *1 n.1 (M.D. Pa. Dec. 15, 2009) (citing *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir.2002)).

should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. A court will not, however, accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1949. The Supreme Court has recently held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Meaning, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## III. DISCUSSION

Plaintiff argues that his Fifth Amendment double jeopardy rights were violated because he was twice convicted of the same traffic offense, first in 1996 and again in 2007. However, this argument was considered and rejected by both the Law Division on de novo appeal and the Appellate Division. According to the Appellate Division, Plaintiff was never twice convicted of the same offense because he never paid the original fine, and he withdrew his guilty plea prior to trial. *Stamos*, 2009 WL 901762, at *1 ("[D]ouble jeopardy is not implicated where, as in this case, defendant himself sought the relief of [withdrawal of his guilty plea] and was accordingly returned to his original position." (alternations in original; internal quotations omitted). Accordingly, under the doctrine of collateral estoppel, Plaintiff is foreclosed from re-litigating his double jeopardy claim before this Court under the posture of a § 1983 civil rights suit. *Allen v. McCurry*, 449 U.S. 90, 102 (1980) ("[C]ollateral estoppel applies when § 1983 plaintiffs attempt to relitigate in federal court issues decided against them in state criminal proceedings."). His complaint must therefore be dismissed pursuant to 28 U.S.C. §1915(e)(2)(ii) and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Moreover, although not explicitly falling under the plain language of 28 U.S.C. §1915(e)(2) -- the statute speaks to monetary, not injunctive relief -- the Court can also dismiss this matter on sovereign immunity grounds. It is well settled that the State of New Jersey enjoys sovereign immunity from Plaintiff's suit pursuant to both the structural protections of federalism and the Eleventh Amendment. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997). It is equally settled that the Bergen County Prosecutor's Office is immune in this case because they were acting as an official arm of the State "in a classic law enforcement function." *Beightler v. Office of the Essex County Prosecutor*, No. 09-1122, 2009 WL 2562717, at *2 (3d Cir. Aug. 20, 2009); *accord Boyd v. Bergen County Jail*, Civil No. 07-769 (FSH), 2007 WL 1695736, at *2 (D.N.J. June 7, 2007); *see also Lyons v. N.J. Dep't of Transp.*, Civil Action No. 06-2875 (NLH), 2008 WL 4911873 (D.N.J. Nov. 12, 2008).[4] Thus, alternatively, the State of New Jersey and the Bergen County Prosecutor's Office can be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed without prepayment of fees under 28 U.S.C. §1915 is denied, and Plaintiff's complaint is dismissed with prejudice.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

February 2, 2010

---

[4] The Court expresses no opinion on whether the exception to sovereign immunity established in *Ex Parte Young*, 209 U.S. 123 (1908) -- permitting suits against State officials for prospective injunctive relief -- is applicable to defendant John L. Molinelli. Even if *Young* is applicable, and even if the collateral estoppel doctrine did not apply, Plaintiff's complaint fails to state a claim for which relief can be granted under Rule 8. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).